# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jennifer Tebedo,

        Plaintiff,                            Case No. 22-11071
                                              District Judge Paul D. Borman

v.                                                  Magistrate Judge Jonathan J.C. Grey

Dice Automotive Group LLC, et al.,

        Defendants.

_____

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 10)

On May 17, 2022, Jennifer Tebedo filed this action against Dice Automotive Group LLC ("Dice Automotive"), Non Stop Auto Sales LLC ("Non Stop Auto Sales"), and Laurie K. Cunningham, alleging violations of the federal odometer fraud statute, 49 U.S.C. § 32701 et seq., and the Michigan odometer act. (ECF No. 1.) Before the Court is Tebedo's motion for default judgment against Non Stop Auto Sales. (ECF No. 10.) For the reasons set forth below, the Court **RECOMMENDS** that Tebedo's motion be **GRANTED**.

### I.    Background

Tebedo's complaint arises from her purchase of a 2012 Dodge Charger from Dice Automotive Group. Tebedo alleges that Cunningham owned the Charger and

sold it to Non Stop Auto Sales LLC on February 19, 2022. (ECF No. 1, PageID.3.) Prior to selling the Charger, Cunningham got the vehicle serviced on October 1, 2019, and on that date, the Charger's odometer read 110,502 miles. (*Id.*) Non Stop Auto Sales sold the charger to Dice Automotive on March 9, 2022 (*Id.*, at 4). Tebedo purchased the Charger from Dice Automotive on March 15, 2022. (*Id.*, at 5.) On the day Tebedo purchased the Charger, the odometer read 75,031 miles. However, two months earlier, the odometer was advertised for sale on Facebook with 130,000 miles. (ECF No. 10, PageID.44.) Tebedo claims that Non Stop Auto Sales rolled back the vehicle's odometer by approximately 55,000 miles. (*Id.*, at 45.)

The Clerk of the Court entered default against Non Stop Auto Sales on June 15, 2022. (ECF No. 8.)

## II. Legal Standard

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

2

Upon entry of default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 411 F.Supp.2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visoneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC*, No. 15-00778, 2019 WL 1922052, at *4 (W.D. Ky. Feb. 22, 2019) (internal citations omitted).

**III.     Analysis**

The Clerk of the Court entered default against Non Stop Auto Sales on June 15, 2022. (ECF No. 8.) Non Stop Auto Sales has neither made a request to set aside the default nor responded to Tebedo's motion for default judgment. According to the record, Non Stop Auto sales has not retained an attorney. Iaisha Scott, Non Stop Auto Sales' agent, attempted to respond to the motion for default judgment, however, as explained in the Court's order (ECF No. 20), Scott cannot represent Non Stop Auto Sales' interest.

Since the Clerk of the Court entered default, the Court will deem Tebedo's well-pled factual allegations as admitted. *Ford Motor Co*, 441 F.Supp.2d at 846. Tebedo's complaint alleges facts sufficient to support her claim against Non Stop

Auto Sales for violations of the federal odometer act and the Michigan odometer act.

### *Damages*

Tebedo seeks default judgment in the amount of $13,642.02. (ECF No. 10-6, PageID.67.) The total amount is comprised of $10,000 statutory damages pursuant to 49 U.S.C. § 32710, and costs and attorney fees in the amount of $3,642.02.

Although Non Stop Auto Sales' liability is no longer in dispute, the Court must determine the amount of damages with reasonable certainty. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).

49 U.S.C. § 32710 provides:

> A person that violates the [federal odometer act] or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.

The statutory damage amount of $10,000 is within a degree of reasonable certainty.

In support of Tebedo's request for $3,642.02 in attorney costs and fees, her counsel, Adam Taub, provided an affidavit and itemized list of attorney hours expended. In his affidavit, Taub says his hourly rate is $325.00 and he expended 9.7 hours. Taub also says the filing fee, postage, service fee, and certified title history charges total $489.52.

4

The statutory language and Tebedo's affidavits are sufficient evidence to determine a sum certain for damages, and costs and attorney fees.

### IV.  Conclusion

The Court **RECOMMENDS** that Tebedo's motion for default judgment be **GRANTED** and judgment be entered in the amount of $13,642.02.

Dated:   September 29, 2022             s/**Jonathan J.C. Grey**
                                        Jonathan J.C. Grey
                                        United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2022.

                                              s/ **L. Hosking**
                                              Leanne Hosking
                                              Case Manager